**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BROWN & ROOT INDUSTRIAL SERVICES, LLC and BRIS ENGINEERING, LLC** | **CIVIL ACTION** |
| | **No. 21-291-JWD-SDJ** |
| **VERSUS** | |
| **BROWN, ET AL.** | |

---

## ORDER

Before the Court is Plaintiffs' Motion to Quash Subpoena for Oral Deposition and Subpoena Duces Tecum of Plaintiffs' Expert Brian D.C. Wilson (R. Doc. 111). Also before the Court is Defendants' Motion to Dismiss the Motion to Quash (R. Doc. 112) and a corresponding Motion for Expedited Consideration and Hearing (R. Doc. 113).

**I.      Background**

On May 3, 2023, Defense counsel sent an email to Plaintiffs' counsel with enclosed deposition notices for Plaintiffs' expert witnesses—Brian Wilson, John Williams, and Tuan Pham. Defense counsel noted that the dates were "placeholders" and requested the experts' availability in the coming weeks. (R. Doc. 111-2). On May 8, counsel for both parties held a discovery conference regarding outstanding discovery issues that affect expert reports. (R. Doc. 111-1 at 2). On May 10, Wilson contact Plaintiffs' counsel saying that he had received two subpoenas but had not had a chance to review them. (R. Doc. 111-3). On May 11, Wilson sent copies of the subpoenas he had received to Plaintiffs' counsel. (R. Doc. 111-5). These included a subpoena for deposition on May 17, 2023, at 9:30 a.m., and a subpoena duces tecum for May 24, 2023, at 9:30 a.m. (R. Doc 111-5 at 2 and 6).

Earlier on May 11, before they had received the details of Wilson's subpoenas, Plaintiffs' counsel informed Defense counsel that the dates for depositions proposed on May 3 would not work for Plaintiffs' expert and suggested July for expert depositions.[1] (R. Doc. 111-4). Defense counsel responded that, not having heard from Plaintiffs' counsel regarding the placeholder dates, they decided to simply serve the subpoenas. (R. Doc. 111-6). Defense counsel also asserted that Plaintiffs' counsel had refused to furnish alternative deposition dates.[2] *Id*. Correspondence between counsel for both parties continued, with Plaintiffs' counsel indicating that both lead attorneys would be out of office and unavailable at the time indicated in the subpoena for Wilson's deposition (R. Doc. 111-6 at 8) and that Wilson himself would be unavailable due to mandatory work training (R. Doc. 111-6 at 7). Plaintiffs' counsel repeatedly suggested discussing alternative dates, and Defense counsel repeatedly claimed Plaintiffs' counsel refused to suggest alternative dates.[3] In the afternoon of May 12, Plaintiffs' counsel attempted to confer with Defense counsel on the phone and then suggested a call in the afternoon of May 15 or 16. (R. Doc. 111-6 at 2). Defense counsel responded that they would be available both days but that the conference would not be productive without alternative deposition dates prior to the call and indicated their intention to go forward with Wilson's deposition as scheduled in the subpoena. (R. Doc. 111-6 at 1). On

---

[1] From Plaintiffs' perspective, expert depositions should be held after certain discovery issues are resolved in order to avoid repeat depositions. But that is not directly at issue here.

[2] The Court notes that while Plaintiffs' counsel had seemingly not responded to Defense counsel's request for deposition dates, Defense counsel waited only 5 business days before serving the subpoena on Wilson and did not follow up on their request before doing so. In Plaintiffs' counsel's response, July deposition dates were suggested. This hardly constitutes "refusing to furnish alternative dates".

[3] Defense counsel requested deposition dates before June 15 (R. Doc. 111-6 at 5), and Plaintiffs' counsel in turn inquired whether they meant July 15 (later corrected to July 14) because that is when Defendants' expert reports are due. (R. Doc. 111-6 at 4). Defense counsel responded that they wanted a month after depositions to prepare their expert reports and again scolded Plaintiffs' counsel for allegedly refusing to furnish alternative dates. (R. Doc. 111-6 at 3). The Court notes that as much as Defendants may have wanted specific dates, Plaintiffs' opening offer of some time in July is, in fact, a proffered alternative schedule.

Sunday, May 14, Defense counsel followed up asking when the phone call would be. (R. Doc. 111-7).

On May 15, Defense counsel sent a letter to Plaintiffs' counsel indicating willingness to reschedule Wilson's deposition to a mutually agreeable date before July 1, but indicated that "without alternative deposition dates from [Plaintiffs' counsel], any discovery conference may not be meaningful." (R. Doc. 112-5 at 1). A final letter from Defense counsel to Plaintiffs' counsel on May 15 indicates that the letter offering a mutually agreeable reschedule was sent at 9:48 a.m., and that Plaintiffs' Motion to Quash was filed at 10:01 a.m. on the same day, rendering Plaintiffs' Motion to Quash "untrue and incorrect". (R. Doc. 112-6 at 1). Defense counsel filed its Motion to Dismiss the Motion to Quash and a corresponding Motion to Expedite on the same day. (R. Docs. 112 and 113).

## II.    Arguments of the Parties

Plaintiffs' Motion to Quash is premised on the undue burden placed upon Wilson given that Defendants' subpoenas gave him one week's notice for the deposition and two weeks to prepare documents for the subpoena duces tecum. (R. Doc. 111-8 at 6). Plaintiffs also note that the subpoena duces tecum was not served on the parties before being served on Wilson, and thus it is procedurally effective per Fed. R. Civ. P. 45(a)(4). (R. Doc. 111-8 at 9). Finally, Plaintiffs request sanctions against Defendants for failing to take reasonable steps to avoid imposing an undue burden on Wilson.

Rather than responding with an opposition to Plaintiffs' Motion to Quash, Defendants filed a separate "Motion to Dismiss" the motion to quash. (R. Doc. 112). Defendants do not address the issues raised in the Motion to Quash but instead in support of their "motion to dismiss" merely

state that no discovery conference was held "as required by Rule 37" prior to Plaintiffs' filing the

Motion to Quash. (R. Doc. 112-1 at 1).

### III.    Discussion

"On timely motion, the court for the district where compliance is required *must* quash or

modify a subpoena that: (i) fails to allow a reasonable time to comply; … (iv) subjects a person to

undue burden." Fed. R. Civ. P. 45(d)(3) (emphasis added). Here it is clear that Defendants have

imposed an undue burden upon Wilson, giving only 5 business days' notice before an oral

deposition. In fact, Defendants adamantly pursued a May 17 deposition despite learning that

Plaintiffs' counsel and the deponent were all unavailable on such short notice. Furthermore,

Defendants did not serve notice of the subpoena duces tecum on all parties[4] and thus deprived

Plaintiffs of the opportunity to object to production. Fed. R. Civ. P. 45(a)(4).

Defendants' argument that the Motion to Quash should be dismissed because no discovery

conference was held prior to its filing is erroneous. Rule 37 meet and confer requirements pertain

only to motions to compel and sanctions for failure to answer or respond. Fed. R. Civ. P. 37(a)(1),

37(d)(1)(B). Furthermore, the meet and confer requirements of Rule 37 do not apply to motions

brought pursuant to Rule 45. *See, e.g., Magna Mirrors of Am., Inc. v. Pittsburgh Glass Works LLC*,

No. 2:07-cv-10688, 2012 WL 4904515, at *2 (W.D. Pa. Oct. 15, 2012) (holding that the meet and

confer requirement of Fed. R. Civ. P. 37(a)(1) does not apply to a motion to compel pursuant to

Fed. R. Civ. P. 45(c)(2)(B)(i)); *Nimkoff Rosenfeld & Schechter, LLP v. RKO Properties, Ltd.*, No.

07CIV7983DABHBP, 2017 WL 4129644, at *2 (S.D.N.Y. Sept. 18, 2017)  (citing cases holding

that the Federal Rules do not impose a meet and confer requirement for motions pursuant to Rule

---

[4] Either prior to service upon Wilson as required by Rule 45, or after, as far as the Court is aware.

45). Though the Court prefers the parties could resolve these simple scheduling conflicts without extensive motion practice and the Court's intervention, any purported lack of conference is not detrimental to Plaintiffs' Motion to Quash. If instead Defendants meant to cite Rule 26(c) regarding Plaintiffs' request for a protective order, the Court finds that, given the circumstances— the extremely short notice, deponent's work obligations, Plaintiffs' counsel being out of town, much of the opportunity for a phone call being over a weekend (Mother's Day weekend at that)— the email exchanges provided to the Court and Plaintiffs' counsel's attempted phone call to Defense counsel are enough to constitute a good faith attempt to meet and confer.

Finally, as the deposition of Plaintiffs' expert Wilson is scheduled for tomorrow, May 17, 2023, and the subpoena duces tecum requires a response on May 24, 2023, the Court here rules on the Motion to Quash as pertains to those specific dates alone. The Court defers ruling on Plaintiffs' Motion for Sanctions and any other requests for relief contained in the Motion to Quash [R. Doc. 10] until after a hearing on those issues.

IV.    **Conclusion**

Therefore,

**IT IS ORDERED** that Plaintiffs' Motion to Quash (R. Doc. 111) is **GRANTED** insofar as the subpoenas for oral deposition of Wilson on May 17 and subpoena duces tecum on May 24 are **QUASHED**.  Plaintiffs' Motion to Quash [R. Doc. 111] remains pending as to all other relief requested.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss the Motion to Quash (R. Doc. 112) is **DENIED**. The associated Motion to Expedite (R. Doc. 113) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that any opposition regarding the remaining issues raised in the Motion to Quash[5] shall by due by Friday, May 19.  The opposition brief shall be limited to 10 pages.  A reply brief, limited to 5 pages, may be filed by noon on Monday, May 22, 2023.

**IT IS FURTHER ORDERED** that the Status Conference scheduled on **Tuesday, May 23, 2023, at 10:00 a.m.** is converted to an in-person hearing in **Courtroom 5** at which the remaining issues will be discussed.

Signed in Baton Rouge, Louisiana, on May 16, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] That is, sanctions against Defendants and the timing of depositions of Plaintiffs' experts.