UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BROWN & ROOT INDUSTRIAL SERVICES, LLC, ET AL.

CIVIL ACTION

VERSUS

JAESON M. BROWN

NO. 21-00291-BAJ-SDJ

### RULING AND ORDER

This is a trade secrets case. Plaintiff Brown & Root Industrial Services, LLC filed a Complaint on May 18, 2021, asserting claims for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(e), misappropriation of trade secrets under the Defend Trade Secrets Act (DTSA), 18 U.S.C. §1836, and the Louisiana Uniform Trade Secrets Act (LUTSA), La. R.S. 51:1431, *et seq.*, breach of fiduciary duty and unjust enrichment. (Doc. 1). In September 2021, with leave of the Court, Brown & Root joined Plaintiff BRIS Engineering, LLC and filed an Amended Complaint for Injunctive Relief and Damages (Doc. 24), adding additional Defendants and a state law claim for civil conspiracy. Generally, Plaintiffs allege that the individual Defendants left jobs at BRIS to work for Defendant Fides Consulting, LLC, and those Defendants have disclosed and used BRIS' trade secrets in their work for Fides. (Doc. 24). Plaintiffs' claim for unjust enrichment is only asserted against Fides. (*Id.* at 42). Fides is also the subject of Plaintiffs' claims under DTSA and LUTSA, which are asserted against all Defendants. (*Id.* at 36, 39). Now before the Court is Defendants' **Motion to Dismiss Plaintiffs' Unjust Enrichment Claim (Doc. 85)**, which seeks

to dismiss the unjust enrichment claim against Fides for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The Motion is opposed. (Doc. 91). For the reasons that follow, the Motion will be granted.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). When conducting its inquiry, the Court must "accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

Defendants move to dismiss Plaintiffs' state law unjust enrichment claim. The Louisiana Civil Code provides that the remedy for unjust enrichment "is subsidiary and shall not be available if the law provides another remedy . . . or declares a contrary rule." La. Civ. Code art. 2298. The Louisiana Supreme Court has set out five

2

requirements for unjust enrichment claims: (1) there must be an enrichment; (2) there must be an impoverishment; (3) there must be a connection between the enrichment and resulting impoverishment; (4) there must be an absence of 'justification' or 'cause' for the enrichment and the impoverishment; and (5) there must be no other remedy at law available to the plaintiff. *Baker v. Maclay Properties Co.*, 648 So. 2d 888, 897 (La. 1995).

Defendants contend that Plaintiffs cannot meet the fifth element because Plaintiffs have other remedies available against Fides: the DTSA and LUTSA claims. Plaintiffs argue that they may plead unjust enrichment as an alternative theory pursuant to Federal Rule of Civil Procedure 8(d)(3), which allows a party to allege seemingly inconsistent alternative causes of action. Specifically, Rule 8(d)(3) provides that "[a] party may state as many separate claims or defenses as it has, regardless of consistency." *Id.*

In *Walters v. MedSouth Rec. Mgmt., LLC*, 38 So. 3d 243, 244 (La. 2010), the Louisiana Supreme Court held that a plaintiff "failed to state a cause of action in unjust enrichment" when "the law provided plaintiff with another remedy." Additionally, the *Walters* court found that "[t]he mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment." *Id.* In other words, even though a plaintiff may not succeed when it pursues its other available remedies, there is no cause of action in unjust enrichment if such a remedy exists. *See Ferrara Fire Apparatus, Inc. v. JLG Indus., Inc.*, 581 F. App'x 440, 443–44 (5th Cir. 2014) ("The

3

important question is whether another remedy is available, not whether the party seeking a remedy will be successful."). Similarly, the U.S. Court of Appeals for the Fifth Circuit, in *Bank of Abbeville & Tr. Co. v. Commonwealth Land Title Ins. Co.*, 201 F. App'x 988, 990–91 (5th Cir. 2006), held that, as a matter of substantive Louisiana law, a plaintiff was "not entitled to relief . . . under the theory of unjust enrichment" when it cannot prove "a lack of other remedy at law."

Nevertheless, Louisiana's federal district courts are divided on whether Rule 8 permits a plaintiff to plead unjust enrichment in the alternative. In *JP Mack Industries LLC v. Mosaic Fertilizer, LLC*, 970 F. Supp. 2d 516, 520–21 (E.D. La. 2013), the court granted a defendant's motion to dismiss an unjust enrichment claim because alternate remedies were available. The *JP Mack* court found that, under Louisiana law, unjust enrichment is "subsidiary," not "alternative." *Id.*; *see also Zaveri v. Condor Petroleum Corp.*, 27 F. Supp. 3d 695, 699–702 (W.D. La. 2014) (collecting cases and holding that unjust enrichment claims may not be pled in the alternative when other remedies exist). Other courts have found that Louisiana law permits unjust enrichment to be pled in the alternative. *See Schott, Tr. for Est. of InforMD, LLC v. Massengale*, No. 18-759, 2019 WL 4738795, at *16 (M.D. La. Sept. 27, 2019) (finding that Rule 8(d)(3) permits a plaintiff to plead a claim for unjust enrichment under Louisiana law in the alternative); *U.S. ex rel. Sun Coast Contracting Servs., LLC v. DQSI, LLC*, No. 13-00297-BAJ-RLB, 2014 WL 7246936, at *5 (M.D. La. Dec. 17, 2014). In those cases, however, the validity of the other claims arising out of the same facts was still in question. *See Schott*, 2019 WL 4738795, at

\*17 ("the validity of the other claims . . . are still in question."); *Sun Coast*, 2014 WL 7246936, at \*4 ("[T]he validity of the contract itself remains contested."); *see also Perez v. Utility Constructors*, No. 15-4675, 2016 WL 5930877, at \*2 (E.D. La. Oct. 12, 2016) (holding that, "until the validity of [an] alleged contract can be determined," an unjust enrichment claim "should not be dismissed on the ground that [the plaintiff] has another available remedy" (quotations omitted)); *see also 24/7 Restoration Specialists, LLC v. Young*, 634 F. Supp. 3d 287, 292 (E.D. La. 2022) (same). In contrast, courts have held that when the validity of other claims is not in question, the plaintiff may not plead a cause of action for unjust enrichment because another adequate remedy at law exists. *Perez*, 2016 WL 5930877, at \*2 (citing *Wood Materials LLC v. Berkley Ins. Co.*, No. 17-10955, 2018 WL 560473, at \*5–6 (E.D. La. Jan. 24, 2018)). The Fifth Circuit has approved this approach. *See Jones v. Administrators of Tulane Educ. Fund*, 51 F.4th 101, 119 (5th Cir. 2022) ("Because the parties here disagree whether a contract for in-person instruction and on-campus facilities exists, it is not clear whether another remedy is available under the law" (quotation omitted)).

Here, where Plaintiffs' claims under DTSA, LUTSA, and unjust enrichment arise from identical operative facts, Plaintiffs have failed to establish that the validity of their DTSA and LUTSA claims are in question. Instead, Plaintiffs offer the conclusory argument that if the Court dismissed those claims at some unspecified point in litigation and for some unspecified reason, Plaintiffs would no longer have a remedy at law and therefore should be allowed to proceed with the unjust enrichment

claim. (Doc. 91 at 5). But if the Court were to accept this line of reasoning, every in-the-alternative claim for unjust enrichment would survive. Courts interpreting Louisiana's unjust enrichment law demand more. *Bank of Abbeville*, 201 F. App'x at 990–91 (holding that plaintiff was "not entitled to relief . . . under the theory of unjust enrichment" unless it can prove "a lack of other remedy at law"). The validity of a primary claim, and therefore the availability of unjust enrichment as an alternative remedy, cannot rest solely on the vague possibility that the primary claim could fail. *See Jones*, 51 F.4th at 119 (allowing unjust enrichment in the alternative when the parties disputed the existence of a contract underlying a breach of contract claim); *Nave v. Gulf States Servs. LLC*, No. CV 20-546, 2020 WL 4584294, at *2 (E.D. La. Aug. 10, 2020) ("Unjust enrichment . . . may not be asserted against a defendant as a mere catchall or safety net in the event that a plaintiff fails to succeed on the merits of his or her other claims." (quotation omitted)).

As Defendants note, the issue here is not whether Plaintiffs may assert a possibly inconsistent alternative claim, but rather whether "Plaintiffs are legally entitled to assert a claim for unjust enrichment." (Doc. 93 at 3). An *element* of Louisiana's version of unjust enrichment is that no other remedy at law is available. *Walters*, 38 So. 3d at 244. Here, a review of the record and the parties' briefing shows that the validity of the DTSA and LUTSA claims is not in question. As such, other remedies are available to Plaintiffs, and therefore Plaintiffs have failed to plausibly allege that all the elements of unjust enrichment are met. *See Iqbal*, 556 U.S. at 678.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 85) be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claim for unjust enrichment against Defendant Fides Consulting, LLC be and is hereby **DISMISSED WITH PREJUDICE**.

Judgment shall issue separately.

Baton Rouge, Louisiana, this 7th day of August, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**